UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANANERA EL ESFUERZO, S.A.<br><br>                Plaintiff,<br><br>v.<br><br>TRIDGE CO., LTD.<br><br>                Defendant. | Case No.:_____<br><br>**COMPLAINT** |

Plaintiff Bananera El Esfuerzo, S.A. ("Plaintiff"), by and through its undersigned attorneys, alleges as follows for its Complaint against Defendant Tridge Co., Ltd. ("Defendant"):

**PRELIMINARY STATEMENT**

1. Plaintiff files this action to recover an amount exceeding $225,956.52, owed to Plaintiff by Defendant for certain goods Defendant purchased.

2. Under a Purchase Order dated December 16, 2022, PO-221216-16767-TR ("Original Purchase Order"), Plaintiff agreed to sell fresh green bananas to Defendant (the "Goods"), and Defendant agreed to purchase the Goods from Plaintiff for the purchase price of $2,428,639.20 ("Original Purchase Price") with such Goods being delivered to Defendant in weekly shipments of three containers of the Goods for a period of 52 weeks. A true and correct copy of the Original Purchase Order is attached as Exhibit A.

3. On June 1, 2023, Plaintiff and Defendant entered the Purchase Order Amendment Letter dated June 1, 2023 ("Purchase Order Amendment" and together with the Original Purchase Order, the "Complete Purchase Order") amending the Original Purchase price from $2,428,639.20

to $2,429,476.20. A true and correct copy of the Amended Purchase Order is attached as Exhibit B.

4. Under the terms of the Complete Purchase Order, Plaintiff performed its obligations by delivering the Goods to Defendant in accordance with the terms of the Complete Purchase Order.

5. Despite Plaintiff's performance, Defendant failed to make payment to Plaintiff when due as agreed under the Complete Purchase Order, and therefore, Plaintiff brings a claim against Defendant for breach of contract pursuant to the United Nations Convention on Contracts for the International Sale of Goods (the "Convention") (codified at 15 § U.S.C.A. App., 1489 U.N.T.S. 3).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this dispute arises under a treaty of the United States, specifically, the Convention.

7. Plaintiff is a corporation formed and organized under the laws of Costa Rica.

8. Upon information and belief, Defendant is a corporation formed and organized under the laws of the Republic of Korea.

9. Plaintiff and Defendant operate their principal places of business in countries that are signatories to the Convention: Costa Rica and South Korea are signatories to the Convention.

10. Under the terms of the Complete Purchase Order, Plaintiff and Defendant agreed that the Complete Purchase Order "shall be governed by and construed in accordance with the laws and regulations of [the] State of New York, United States, and the parties hereby irrevocably submit to the jurisdiction to the courts of State of New York, United States." See NY Gen. Oblig. Law § 5-1401 (the parties to any contract, agreement or undertaking relating to a transaction of

not less than $250,000.00 may agree that the law of New York State governs the parties' rights whether or not the subject contract bears a reasonable relation to this state).

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because Defendant agreed to submit to the jurisdiction of the courts of the State of New York, and there is no district in which this action may otherwise be brought.  See Ex. A.

## PARTIES

12. Plaintiff is a corporation formed and organized under the laws of Costa Rica with a principal place of business located at 28 Millas de Bataan de Limon, Costa Rica.

13. Upon information and belief, Defendant is a corporation formed and organized under the laws of the Republic of Korea with a principal place of business located at 5F, 226 Bangbae-ro (Nexen Gangnam Tower), Seocho-gu, 06584, Seoul, South Korea.

## BACKGROUND

14. On or around December 16, 2022, Plaintiff and Defendant entered the Original Purchase Order where Defendant agreed to purchase the Goods from Plaintiff for the Purchase Price.  See Ex. A.

15. Pursuant to the Original Purchase Order, Defendant agreed to purchase a total of 156 containers of the Goods, which were to be delivered in shipments of three containers each week for a period of 52 weeks beginning on December 26, 2022.  Id.

16. Beginning with the week starting on December 26, 2022, and continuing for each relevant week thereafter, Esteban Schroeder ("Defendant's Representative"), acting in his capacity as Engagement Manager of Defendant, provided Plaintiff with information regarding the consignee and other details related to the relevant week's shipment of the Goods.  A true and correct

copy of a string of email messages exchanged from December 26, 2022 through December 27, 2022 and its certified translations are attached as Exhibit C.

17. Specifically, on December 26, 2022, Defendant's Representative provided information regarding the first week's shipment of the initial three containers of the Goods, indicating a consignee designated by Defendant. Id.

18. On December 27, 2022, Defendant's Representative notified Plaintiff of a change in consignee. Id.

19. On January 16, 2023, Defendant's Representative forwarded an email message to Plaintiff from Carlos Otero, the owner of Tropikita Golden SL ("Tropikita") – a consignee designated by Defendant, providing instructions on modifications regarding the shipment of Goods to the Netherlands. A true and correct copy of an email message dated January 16, 2023 and its certified translation are attached as Exhibit D.

20. On April 19, 2023, Defendant's Representative provided shipping instructions for the shipment of the Goods for the 16th week, and Defendant's Representative indicated a change in the designated consignee for the Goods. A true and correct copy of an email message dated April 19, 2023 and its certified translation are attached as Exhibit E.

21. By email message dated May 31, 2023, Defendant's Representative indicated that due to market conditions and issues with Defendant's final customer, Defendant desired to make changes to the price structure stated in the Original Purchase Order and provided a price structure proposal to Plaintiff ("Proposal"). A true and correct copy of a string of email messages exchanged from May 18, 2023 through June 1, 2023 is attached as Exhibit F.

22. Plaintiff accepted the Proposal, and on June 1, 2023, Defendant's Representative provided the Amended Purchase Order increasing the Purchase Price to $2,429,476.20.  Id.; see also Ex. B.

23. Between January 3, 2023 and September 3, 2023, Plaintiff shipped the Goods for weeks 1 through 24 and weeks 27 through 35, in accordance with the terms of the Complete Purchase Order and in accordance with Defendant's instructions; there were no shipments for Goods for weeks 25 and 26.

24. Plaintiff admits it received partial payments for the Goods shipped and delivered under the Complete Purchase Order, but Defendant still owes a balance for certain Goods shipped and delivered under the Complete Purchase Order.

25. Specifically, Defendant failed to make payment to Plaintiff for the Goods shipped for weeks 31 through 35.

26. By email message dated June 20, 2023, Plaintiff informed Defendant's Representative of Defendant's failure to make payments pursuant to the terms of the Complete Purchase Order.  A true and correct copy of a string of email messages from June 20, 2023 through June 21, 2023 is attached as Exhibit G.

27. In response to Plaintiff's email message dated June 20, 2023, Defendant's Representative stated that Defendant was "trying to resolve this [payment] issue as soon as possible.  Id.

28. On August 11, 2023, Plaintiff received a direct payment from Tropikita regarding the shipment for the 23rd week under the Complete Purchase Order.

29. Because the terms of the Complete Purchase Order required Defendant to make payment directly to Plaintiff, Plaintiff contacted Defendant's Representative to inquire about the direct payment it received from Tropikita.

30. By telephone call on or around August 19, 2023, Defendant's Representative explained to Plaintiff that Defendant gave authorization for Tropikita to make direct payments to Plaintiff to cut down on payment delays, which was confirmed by a subsequent email message on August 21, 2023, where Defendant's Representative stated Defendant "made this change to assure a more efficient flow of resources to [Plaintiff]." A true and correct copy of the email message dated August 21, 2023 is attached as Exhibit H.

31. Upon the written confirmation of Defendant's Representative, Plaintiff received additional payments from Tropikita for weeks 24, 27 and 28 as Defendant's Representative directed Plaintiff to accept payments directly from Tropikita.

32. On September 19, 2023, Plaintiff received payment from Defendant regarding the shipment for the 29th week under the Complete Purchase Order.

33. On October 6, 2023, Plaintiff received payment from Defendant regarding the shipment for the 30th week under the Complete Purchase Order.

34. Plaintiff received the following monies from Defendant as payment under the Complete Purchase Order:

| **Amount** | **Week Under Complete Purchase Order** |
|---|---|
| $991,185.72[1] | 1-22 |

---

[1] The total amount invoiced for Weeks 1-22 was $991,755.72. The difference between the amount invoiced and the amount received is a result of wire transfer bank charges that were incurred by Plaintiff.

6

206173_10

| | |
|---|---|
| $78,226.32[2] | 29-30 |

35.     Plaintiff received the following monies from Tropikita as payment under the Complete Purchase Order:

| **Amount** | **Week Under Complete Purchase Order** |
|---|---|
| $78,118.12[3] | 23-24 |
| $78,226.20[4] | 27-28 |

36.     In total, Plaintiff received payment for the Goods in the amount of $1,225,756.36 related to the shipment of the Goods for weeks 1 through 24, 27 through 30.

37.     Defendant has not paid for the Goods shipped and delivered for week 31 through 35 in the amount of $225,956.52.

38.     On September 4, 2023, because Plaintiff no longer received payments from Defendant or Tropikita, Plaintiff ceased shipments of the Goods for Defendant beginning with the 36th week through week 52 under the Complete Purchase Order, and Plaintiff is not seeking payments for weeks 36 through 52.

39.     By email message dated October 16, 2023, Defendant's Representative, in an attempt to resume shipment of the Goods, proposed (1) making payments totaling $80,000.00 by

---

[2] The total amount invoiced for Weeks 29-30 was $78,276.24. The difference between the amount invoiced and the amount received is a result of wire transfer bank charges that were incurred by Plaintiff.

[3] The total amount invoiced for Weeks 23-24 was $78,276.24. The difference between the amount invoiced and the amount received is a result of wire transfer bank charges that were incurred by Plaintiff.

[4] The total amount invoiced for Weeks 27-28 was $78,276.24. The difference between the amount invoiced and the amount received is a result of wire transfer bank charges that were incurred by Plaintiff.

206173_10

October 16, 2023 and October 19, 2023 and (2) full payment for all subsequent orders plus 50% of the outstanding invoice ("Payment Proposal"). A true and correct copy of the Payment Proposal and its certified translation are attached as Exhibit I.

40. On October 16, 2023, Plaintiff accepted the Payment Proposal presented by Defendant with the expectation to receive payments totaling $80,000.00 by October 19, 2023; however, Defendant failed to make the payments as set forth in its Payment Proposal. A true and correct copy of the email message dated October 16, 2023 is attached as Exhibit J.

41. Due to Defendant's repeated failures to make payments pursuant to the Payment Proposal and the Complete Purchase Order, on October 30, 2023, Plaintiff notified Defendant of the outstanding balance exceeding $200,000.00 due by Defendant to Plaintiff. A true and correct copy of the email message dated October 30, 2023 is attached as Exhibit K.

42. On April 23, 2024, Plaintiff's counsel forwarded a demand letter to Defendant demanding payment for the amounts due by Defendant to Plaintiff ("Demand Letter"). A true and correct copy of the Demand Letter is attached as Exhibit L.

43. To date, Defendant has failed to respond to the Demand Letter or make any payments for the outstanding amounts due.

## CLAIMS FOR RELIEF

### BREACH OF CONTRACT PURSUANT TO THE CONVENTION

44. Plaintiff incorporates by reference paragraphs 1 through 43, as set forth fully herein.

45. Plaintiff and Defendant have their places of business in different countries, each of which are signatories to the Convention.

46. Plaintiff and Defendant duly executed the Complete Purchase Order for the sale of goods in which Plaintiff agreed to provide the Goods to Defendant in weekly shipments for a period of 52 weeks in exchange for Defendant's promise to make payment for the Goods.

47. Plaintiff delivered the Goods to Defendant in accordance with the terms of the Complete Purchase Order and as directed by Defendant's representatives.

48. Specifically, Plaintiff shipped and delivered the Goods in accordance with the terms of the Complete Purchase Order and as directed by Defendant's representatives for weeks 1 through 24 and 27 through 35.

49. Plaintiff never deviated from the instructions provided by Defendant with respect to the Goods delivered under the Complete Purchase Order.

50. Plaintiff received payment for the Goods in the amount of $1,225,756.36 related to the shipment of the Goods for weeks 1-24, and 27-30.

51. Defendant has failed to make payment to Plaintiff for the Goods delivered in accordance with the terms of the Complete purchase order for week 31 through 35 totaling $225,956.52.

52. Defendant's failure to make payment to Plaintiff for the Goods when due constitutes a breach of the Complete Purchase Order. Convention arts. 25, 54, Mar. 2, 1987, 15 § U.S.C.A. App., 1489 U.N.T.S. 3.

53. Plaintiff is entitled to recover the price of the Goods delivered to Defendant in the amount of $225,956.52, plus interest pursuant to the Convention. Convention arts. 62, 78, Mar. 2, 1987, 15 § U.S.C.A. App., 1489 U.NT.S. 3.

9

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Bananera El Esfuerzo, S.A., prays the following relief from the Court:

a. That judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $225,956.52, together with interest, costs, reasonable attorneys' fees, and disbursements of this action; and

b. That this Court will grant Plaintiff such other relief as may be just and proper.

Dated:  September 18, 2024

                                                     **CHOI & PARK, LLC**
Attorneys for Plaintiff,
Bananera El Esfuerzo, S.A.

/s/ Hyun Suk Choi
Hyun Suk Choi, Esq. (HC4208)
Tel.: 609.396.2800, Ext. 1
Fax: 609.396.2801
hchoi@choiandpark.com
11 Broadway
Suite 615
New York, New York 10004